# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CIVIL ACTION NO. 3:09-CV-2088 |
| v. | (JUDGE CAPUTO) |
| MILTON D. VAN HORN, | |
| Defendant. | |

## **MEMORANDUM**

The United States brings this action against Milton Van Horn, seeking to reduce to judgment certain federal tax assessments against him. In his answer, Mr. Van Horn admits that he has accrued federal employment tax liabilities relating to the years 1998–2007, but disputes the amounts owed. The United States has moved for summary judgment. (Doc. No. 7.) Although Mr. Van Horn opposes the motion, he does not proffer any evidence to rebut it. For the reasons explained below, the United States's motion for summary judgment will be granted.

## I. Background

The facts are largely undisputed, and are presented in the light most favorable to Mr. Van Horn.[1] Mr. Van Horn is the sole proprietor of the Prince Hotel, a small hotel and

---

[1] In accordance with Local Rule 56.1, the United States filed a separate statement of the material facts as to which it contends there is no genuine issue to be tried. Mr. Van Horn did not respond to this statement with a separate statement enumerating the facts as to which he contends there exists a genuine issue to be tried. Under Local Rule 56.1, when a party opposing a summary judgment motion fails to rebut the movant's statement of material facts by way of a separate statement, all material facts set forth in the movant's statement are deemed admitted. In accordance with this rule, the Court deems the material facts set forth in the government's statement admitted by Mr. Van Horn.

restaurant in Tunkhannock, Pennsylvania. (*See* Doc. No. 7-2, Plaintiff's statement of material facts (PSMF) ¶ 1.)[2] While operating the hotel, Mr. Van Horn accrued federal tax liabilities relating to the years 1998–2007. (*Id.* at ¶ 2.) Mr. Van Horn currently owes taxes relating to these liabilities. (*Id.* at ¶ 3.)

On the dates set forth in the table below, a delegate of the Secretary of the Treasury properly made assessments against, and gave notice to and made demand for payment upon Mr. Van Horn for unpaid Form 941 (Employer's Quarterly Federal Tax Return) taxes, penalties, and interest for the following tax periods:

| Quarter Ending | Assessment Date | Balance (As of 11/9/09) |
|---|---|---|
| 3/31/1998 | 9/4/2006 | $17,309.32 |
| 9/30/1998 | 9/11/2006 | $15,736.86 |
| 12/31/1998 | 9/4/2006 | $14,139.82 |
| 6/30/1999 | 11/1/1999 | $9,839.77 |
| 9/30/1999 | 3/13/2009 | $10,565.92 |
| 12/31/1999 | 3/13/2000 | $18,359.78 |
| 9/30/2000 | 12/4/2000 | $323.76 |
| 3/31/2001 | 6/25/2001 | $630.03 |
| 12/31/2001 | 4/12/2004 | $1,437.65 |
| 9/30/2002 | 9/4/2006 | $3,504.30 |
| 12/31/2002 | 9/4/2006 | $4,674.08 |
| 6/30/2003 | 4/19/2004 | $1,425.16 |

---

[2] The Court will cite to the Plaintiff's Statement of Material Facts when there is no genuine dispute as to the facts. Otherwise, the Court will cite to the record.

| | | |
|---|---|---|
| 9/30/2003 | 10/24/2005 | $4,665.73 |
| 12/31/2003 | 4/12/2004 | $859.39 |
| 3/31/2004 | 10/24/2005 | $5,022.91 |
| 6/30/2004 | 10/31/2005 | $4,660.22 |
| 9/30/2004 | 10/24/2005 | $4,386.01 |
| 12/31/2004 | 10/31/2005 | $5,442.77 |
| 3/31/2005 | 10/24/2005 | $4,012.39 |
| 6/30/2005 | 10/24/2005 | $3,681.54 |
| 9/30/2005 | 12/26/2005 | $3,548.32 |
| 12/31/2005 | 3/13/2006 | $3,779.87 |
| 6/30/2006 | 10/2/2006 | $2,710.76 |
| 3/31/2007 | 6/25/2007 | $2,300.63 |
| | **TOTAL** | **$143,016.99** |

(*Id.* at ¶ 5.)

On the dates set forth in the table below, a delegate of the Secretary of the Treasury properly made assessments against, and gave notice to and made demand for payment upon Mr. Van Horn for unpaid Form 940 (Employer's Annual Federal Unemployment Tax Return) taxes, penalties, and interest for the following tax periods:

| Year Ending | Assessment Date | Balance (As of 11/9/09) |
|---|---|---|
| 1998 | 9/4/2006 | $9,645.80 |
| 2000 | 3/26/2001 | $3,300.64 |
| 2001 | 9/4/2006 | $572.48 |
| 2002 | 9/4/2006 | $438.65 |

| | | |
|---|---|---|
| 2003 | 4/12/2004 | $2,800.21 |
| 2004 | 10/24/2005 | $389.14 |
| | **TOTAL** | **$17,146.92** |

(*Id.* at ¶ 6.)

Thus, as of November 9, 2009, Mr. Van Horn owed the United States $160,163.91[3] for employment taxes, interest, and penalties relating to the years 1998–2007.

The United States brought this action on October 27, 2009 against Mr. Van Horn, seeking to reduce to judgment the unpaid Form 941 and Form 940 tax assessments. (Doc. No. 1.) Mr. Van Horn filed an answer on March 31, 2010, admitting tax liability but disputing the amounts owed. (Doc. No. 6.) On April 27, 2010, the United States moved for summary judgment. (Doc. No. 7.) The motion is ripe for adjudication.

## II. Analysis

### A. Standard of Review

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is "material" if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is a "genuine" one if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

---

[3] The government rounded the numbers in the tables to the nearest dollar, and by adding them arrived at the figure of $160,165. The Court used the figures calculated on the exhibits and added them to arrive at the figure of $160,163.91.

*Id.*

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *Cont'l Ins. Co. v. Bodie*, 682 F.2d 436, 438 (3d Cir. 1982). The moving party has the burden of showing the absence of a genuine issue of material fact, but the nonmoving party must present affirmative evidence from which a jury might return a verdict in its favor. *Anderson*, 477 U.S. at 256–57. Mere conclusory allegations taken from the pleadings are insufficient to withstand a motion for summary judgment. *Schoch v. First Fidelity Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990). Summary judgment is to be entered "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

**B. Tax Claims**

The United States asserts that it is entitled to judgment as a matter of law in its favor. Although Mr. Van Horn does not present evidence contradicting any of the facts asserted by the United States in its motion, he argues that summary adjudication is barred by the doctrine of *res judicata*.

### 1. *Res Judicata* Does Not Preclude this Action

In claiming that *res judicata* precludes this action, Mr. Van Horn alleges that there

have been final state court judgments[4] on the merits in both Wyoming County and Lackawanna County involving the same parties, claims, and facts. The United States rejoins that it did *not* obtain final judgments; instead, the government claims it merely filed notices of federal tax liens in Wyoming County and Lackawanna County. (Doc. No. 12 Ex. A.)

Under the federal Full Faith and Credit statute, 28 U.S.C. § 1738, a federal court must "give the same preclusive effect to a state-court judgment as another court of that State would give." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) (citing *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 523 (1986)).

In Pennsylvania, claim preclusion has four basic elements: "(1) identity of the thing sued upon; (2) identity of the cause of action; (3) identity of the parties; (4) identity of the capacity of the parties." *Stoeckinger v. Presidential Fin. Corp. of Delaware Valley*, 948 A.2d 828 (Pa. Super. Ct. 2008) (citing *Dempsey v. Cessna Aircraft Co.*, 653 A.2d 679, 681 (Pa. Super. Ct. 1995)).

The second element of claim preclusion, identity of the cause of action, requires the court to look to the underlying legal theories of a prior proceeding.[5] This is not always a simple task: "[t]he term 'cause of action' is not easily defined, and the authorities have laid

---

[4] Mr. Van Horn requests that this Court take judicial notice of these judgments. A court may take judicial notice of the record from a previous court proceeding between the parties. *See Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 516 n.3 (3d Cir. 1988). However, Mr. Van Horn did not attach them or in any way offer them into evidence. Under Federal Rule of Evidence 201, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned . . . [a] court shall take judicial notice if requested by a party and supplied with the necessary information." Because Mr. Van Horn did not supply this Court with the necessary information to look up these purported cases, such as case name, case number, copies of the judgments, etc., the Court declines to do so. Instead, the Court accepts the government's explanation that the "cases" were in fact notices of federal tax liens. Mr. Van Horn does not contest this assertion and apparently accedes to it in his communications with the Court.

[5] "Cause of action" means "a legal theory of a lawsuit." *Black's Law Dictionary* 251 (9th ed. 2009).

6

down no thoroughly satisfactory and all-embracing definition . . . ." *Dempsey v. Cessna Aircraft Co.*, 653 A.2d 679, 681 (Pa. Super. 1995) (quoting 46 Am. Jur. 2d, Judgments § 406). Nevertheless, the Pennsylvania Superior Court has noted that:

> A fundamental test applied for comparing causes of action, for the purpose of applying principles of res judicata, is whether the primary right and duty, and delict or wrong, are the same in each action. Under this test, there is but one cause of action where there is but one right in the plaintiff and one wrong on the part of the defendant involving that right.

*Id.* (quoting 46 Am. Jur. 2d, Judgments § 406). Under this test, "the primary focus should be whether the ultimate and controlling issues have been decided." *Id.* (citing *Hammel v. Hammel*, 636 A.2d 214, 218 (Pa. Super. Ct. 1994)). "When the cause of action in the first and second actions are distinct, or, even though related, are not so closely related that matters essential to recovery in the second action have been determined in the first action, the doctrine of *res judicata* does not apply." *Hammel*, 636 A.2d 214, 218 (Pa. Super. Ct. 1994) (quoting *Township of Ohio v. Builders Enterprises, Inc.*, 276 A.2d 556, 557 (Pa. Commw. Ct. 1971)). The Supreme Court of Pennsylvania has cautioned:

> The conclusive effect of a judicial decision cannot be extended by argument or implication to matters not actually heard and determined nor to collateral questions which arise but do not become part of the case . . . [a] former judgment is not conclusive of anything which was not directly decided by it or was not material to the decision. Before such effect can be given to it in another suit, it should appear either from the record, or aliunde, that it must have rested on the precise question which it [is] sought again to agitate.

*Hammell*, 636 A.2d at 218 (quoting *Haefele v. Davis*, 160 A.2d 711, 713 (1960)).

Here, Mr. Van Horn does not deny the government's assertion that the so-called "final judgments" were actually notices of federal tax liens;[6] the Court accepts the government's

---

[6] When a person owes a federal tax, a lien arises by operation of law in favor of the United States upon all property belonging to the person. 26 U.S.C. § 6321. However, this lien remains unperfected against

7

explanation. (*See* Doc. No. 16 at 2.) .

Because filing notice of a lien is not the same "cause of action" as suing for payments owed, the second element of claim preclusion is not met. Filing notice of a lien is not a lawsuit at all, and moreover does not enforce any right (it merely gives notice of a right). By contrast, in the present action the government seeks to reduce its interest to judgment. Because these two legal proceedings do not involve the same "cause of action," the notices of tax liens have no preclusive effect on the current action. Thus, Mr. Van Horn's *res judicata* argument is without merit.

**2. The United States is Entitled to Summary Judgment**

Section 6672 of the Internal Revenue Code (the Code) provides that "any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails [to do so] . . . shall . . . be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over." 26 U.S.C. § 6672(a).

For purposes of this section, a "person" is defined as "an officer or employee of a corporation, or a member or employee of a partnership, who . . . is under a duty to perform the act in respect of which the violation occurs." 26 U.S.C. § 6671(b). This definition includes anyone who is "required to collect, truthfully account for or pay over any tax due to the United States." *United States v. Carrigan*, 31 F.3d 130, 133 (3d Cir. 1994).

The assessments of the Internal Revenue Service (IRS) are presumed correct. *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242–43 (2002); *Brounstein v. United States*, 979

---

other creditors until notice is filed in accordance with the relevant state's laws. 26 U.S.C. § 6323. Here, the United States filed notices of tax liens in Wyoming County and Lackawanna County to perfect its interests against Mr. Van Horn's other creditors.

8

F.2d 952, 954 (3d Cir. 1992) (citing *Psaty v. United States*, 442 F.2d 1154, 1160 (3d Cir. 1971)). A certified transcript[7] (Form 4340) of an assessment is presumptive proof of the assessed party's liability and establishes the government's *prima facie* case, and may provide sufficient grounds for summary judgment. *See Brounstein*, 979 F.3d at 954. This presumption of liability may be rebutted by the assessed party, who bears the burden to show that the assessment is incorrect, or that he is not a responsible person or did not willfully fail to pay the tax. *Brounstein*, 979 F.2d at 954.

Here, the government has made out a *prima facie* case of liability. It has introduced certified transcripts for each of the tax years at issue. In response, Mr. Van Horn fails to marshal evidence to rebut his liability.[8] Thus, summary judgment is proper. As of November 9, 2009, Mr. Van Horn owed income taxes, interest, and penalties of $160,163.91 for delinquent Form 941 and Form 940 taxes for the periods reflected in the tables above. The United States is entitled to summary judgment in that amount, as well as interest as provided by 28 U.S.C. § 1961(c) and 26 U.S.C. § 6621(a)(2) from November 9, 2009 until the judgment is paid in full.

---

[7] Certified transcripts are self-authenticating under Federal Rule of Evidence 902 and need no other support to be admissible.

[8] In his brief in opposition, Mr. Van Horn discussed the alleged state court judgments he claimed barred the present action under *res judicata*. In its reply, the United States attached copies of the federal tax lien notices it filed in Wyoming County and Lackawanna County. Mr. Van Horn sought to attack the validity of the amount the United States requested in a surreply on the basis that the amounts indicated on the notices were lower than the amounts the United States presently seeks in judgment. The Court denied Mr. Van Horn leave to file a surreply. At any rate, the disparities are easily accounted for. The amounts reflected in the notices are Mr. Van Horn's tax liabilities without accruals. These are identical to the amounts indicated on the certified transcripts. The amounts reflected in the tables above are identical to the amounts established on the literal transcripts, which include the amounts accrued on Mr. Van Horn's tax liabilities as of November 9, 2009.

### III. Conclusion

The Court will grant summary judgment to the United States. Judgment for the United States and against Mr. Van Horn will be entered in the amount of $160,163.91, plus statutory interest. An appropriate order follows.


November 22, 2010 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff | NO. 3:09-CV-2088 |
| v. | (JUDGE CAPUTO) |
| MILTON D. VAN HORN, | |
| Defendant. | |

## **ORDER**

**NOW**, this 22nd day of November, 2010, **IT IS HEREBY ORDERED THAT:**

1. The Plaintiff's motion for summary judgment (Doc. No. 7) is **GRANTED.**

2. **JUDGMENT IS ENTERED** in favor of the United States of America in the amount of one hundred sixty thousand one hundred sixty-three dollars and ninety-one cents ($160,163.91), plus statutory interest from November 9, 2009 to the date that the judgment is satisfied.

3. The Clerk of Court is directed to mark this matter **CLOSED.**


/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge